**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| LEROY KILLIAN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 9:08-3911-GRA-BM |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA; ) | |
| and WARDEN OF ) | **REPORT AND RECOMMENDATION** |
| FCI-EDGEFIELD, ) | |
| ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This Petition for a writ of habeas corpus was filed on November 22, 2008, pursuant to 28 U.S.C. § 2241.[1] Respondents filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 20, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on March 24, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case.

On March 30, 2009, Petitioner filed a motion requesting that an earlier pleading be

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988). Although the Petition itself is dated November 24, 2008, the envelope stamp from FCI Edgefield reads November 22, 2008.

1



considered as his memorandum in opposition to the Respondents' motion.² See Court Docket No. 18. Petitioner's motion was granted on April 2, 2009.

This matter is now before the Court for disposition.³

**Background**

In April 1993, Petitioner and two other individuals robbed a bank in Charlotte, North Carolina. Petitioner was the driver, waiting outside in the car, while his co-conspirators went in and robbed the bank, using a firearm in the process. See Respondents' Exhibit D, p. 4. In November 1993, Petitioner pled guilty to four counts relating to bank robbery and unlawful use of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(c)(1), and 2113(d). United States v. Killian, 60 Fed.Appx. 441 (4th Cir. 2003). In his plea agreement, Petitioner waived his right to direct appeal and to post-conviction proceedings, with the exception of ineffective assistance of counsel claims. Id. at 442. When Petitioner thereafter appealed to the Fourth Circuit Court of Appeals, his direct appeal was denied. Id.

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on May 14, 2004. This motion was denied by the District Court for the Western District of North Carolina; Killian v. United States, Nos. 04-241, 93-74, 93,80, 2007 WL 2491053 (W.D.N.C. Aug. 28, 2007); following

---

²The Respondents referred to an earlier pleading [Court Docket No. 17] filed by them as their basis for the motion for summary judgment. Petitioner had previously responded to that earlier pleading. See Court Docket No. 18.

³This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondents have filed a motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



which the Fourth Circuit denied a certificate of appealability. Killian v. United States, 279 Fed.Appx. 223 (4th Cir. 2008).

Petitioner then filed this federal habeas petition raising the following issues:

**Ground One**: Whether Petitioner's conviction for a violation of 18 U.S.C. § 924(c) based on his aiding and abetting the use and carrying of a firearm during a bank robbery violates the holdings of Watson v. United States, 552 U.S. 74 (2007), United States v. Hadden, 475 F.3d 652 (4th Cir. 2007); and United States v. Woods, 271 Fed.Appx. 338 (4th Cir. 2008).

**Ground Two:** Whether Petitioner is legally and factually innocent as to 18 U.S.C. § 924(c).

See Petition.[4]

### **Discussion**

The case can be decided on Respondents' assertion of grounds for summary judgment, which "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the

---

[4]Petitioner uses a different numbering for his claims, but asserts both that his conviction is not sustainable under Watson, and that he is factually innocent of the charges for which he was convicted. Therefore, the undersigned has divided his claims into these two categories.

3



requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner asserts in his first ground for relief that he is entitled to habeas relief from his § 924(c) conviction because of the decision in Watson v. United States, supra,[5] which held that a person who traded illegal drugs for guns did not "use" a firearm "during and in relation to any . . . drug trafficking crime" within the meaning of 18 U.S.C.A. § 924(c). Petitioner argues that under Watson, he "cannot be held culpable under the 'USE' offense of §924(c)[irregardless of 18 U.S.C. §2] solely 'because [his codefendant] unquestionably used a firearm in the process of a robbing a bank." See Petitioner's Memorandum, p. 4.

However, under 18 U.S.C. § 2, "[w]hoever commits an offense against the United States or aids and abets, counsels, commands, induces, or procures its commission, is punishable as

---

[5]Since Watson was decided subsequent to Petitioner's direct appeal and the filing of his § 2255 petition, Petitioner is pursuing his claim in a § 2241 petition. See United States v. Robinson, No. 01-10026, 2009 WL 1650486 at * 2 n. 1 (W.D.Va. June 12, 2009)[Watson claims can be pursued under § 2241, but in the interest of judicial economy dealt with the claim in Petitioner's § 2255 petition](citing Short v. Shultz, No. 08-57, 2008 WL 1984262 at *3 (W.D.Va. May 6, 2008)[finding that Watson claim was properly raised in § 2241 petition, pursuant to In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000), aff'd, 298 Fed. Appx. 246 (4th Cir. 2008), cert. denied, 129 S.Ct. 1376 (2009)); see also DeJesus v. United States, No. 08-724, 2008 WL 2697346 at **3-4 (D.N.J. July 1, 2008). Accordingly, even though Petitioner has already pursued relief under § 2255, if he is entitled to relief under Watson, he could pursue this claim under § 2241. Id.; Ulloa v. Ledezma, No. 08-864, 2009 WL 481997 at * 4 (W.D.Okla. Feb. 25, 2009)["[C]ourts have allowed Watson claims to be raised in § 2241 petitions [under] the narrow exception allowed by § 2255's savings clause."](other citations omitted).

4



a principal," and the applicable case law provides that a "lookout" or "driver" can be charged under § 924 as a co-conspirator in a robbery, even though they did not actively use the gun. Anthony v. United States, 264 F.Supp.2d 596, 601-602 (N.D.Ohio 2003);[Convictions valid under §924(c)(1) under theory of aiding and abetting even where the Defendant never had actual possession of a firearm during the commission of the crime]; Stewart v. United States, 973 F.Supp. 764, 769 (M..D.Tenn. 1997). The parties have not cited, and the Court has not located, any cases where a court has applied the analysis in Watson, which involved use of a firearm during a drug transaction, to any case involving a bank robbery.[6] Further, in order to even attempt to apply these holdings here, Petitioner would have to allege facts that are not present in this case; i.e., that the guns were traded for money at the bank or the guns were merely possessed and not used. Petitioner makes no such allegations. Further, Petitioner's cases do not establish that § 2 can no longer be used to convict persons under § 924(c). Hence, he has failed to show how the holdings in Watson, Hadden, or Woods provide any relief to a principal in a bank robbery who uses the gun to effectuate a robbery or to a conspirator under 18 U.S.C. § 2.

Accordingly, Petitioner's Ground One is without merit and should be dismissed.

## II.

In Ground Two, Petitioner argues that he is legally, factually, and actually innocent of the erroneous and unlawfully imposed 18 U.S.C. § 924(c) sentence. However, since Petitioner's actions as charged qualified as criminal conduct as a co-conspirator, his claim that he is actually

---

[6]As noted, Petitioner also relies on the decisions in United States v. Hadden and United States v. Woods to support his claim. However, both of these decisions also discuss charges for "use" of a firearm in connection with drug transactions, and do not involve aiding and abetting under § 2. Accordingly, for the same reasons set forth above, they do not provide relief for the Petitioner.

5



innocent of a § 924(c) violation fails. See discussion, supra. As to Petitioner's other allegations of innocence that he raises in his Petition and his memorandum, Petitioner has previously filed a direct appeal and a §2255 petition. Killian v. United States, 2007 WL 2491053 (W.D.N.C. Aug. 28, 2007); Killian v. United States, 279 Fed.Appx. 223 (4th Cir. May 28, 2008). As such, these other matters are not properly before this Court in this § 2241 petition. Collateral attacks on a federal conviction or sentence should normally be pursued under § 2255, not § 2241, and Petitioner has not demonstrated that the § 2255 remedy is inadequate or ineffective with respect to any of these other claims in order to satisfy the gate keeping provision discussed in In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000). See also In re Vail, 115 F.3d 1192, 1194 (4th Cir. 1997).

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 25, 2009
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

